1  Michael R. Davisson (State Bar No. 83278)
   *michael.davisson@sedgwicklaw.com*
2  Andrea J. Giovannone (State Bar No. 287358)
   *andrea.giovannone@sedgwicklaw.com*
3  COZEN O'CONNOR
   601 South Figueroa Street, Suite 3700
4  Los Angeles, California 90017
   Telephone: 213.892.7900
5  Facsimile: 213.892.7999

6  Attorneys for Defendants
   ACE AMERICAN INSURANCE COMPANY
7

8            UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  ECOLOGY AUTO PARTS, INC., | Case No. 2:16-cv-09406-GW-E |
| 12            Plaintiff, | [Assigned for all purposes to Hon. George H. Wu, Courtroom: 10] |
| 13      v. | |
| 14  ACE AMERICAN INSURANCE | [California State Court Case No. BC640747 |
| 15  COMPANY; ACE USA; and DOES 1 through 50, inclusive, | Filed: November 14, 2016] |
| 16            Defendants. | [PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION |
| 17 | |
| 18 | Discovery Cutoff:    08/04/2017 |
| 19 | Motion Cutoff:       10/02/2017 Trial Date:          11/14/2017 |
| 20 | |

21        Having reviewed the Joint Stipulation for Protective Order entered into

22  between plaintiff, Ecology Auto Parts, Inc., and defendant, ACE American

23  Insurance Company (collectively, the "Parties") in the above-caption litigation

24  pending before this Court (the "Litigation"), this Court issues the following

25  Protective Order Governing Confidential Information:

26        1.      This Stipulation for a Protective Order governs the use of all produced

27  documents, responses to interrogatories and requests for admissions, deposition

28

1   transcripts, and any other information, documents, objects or things, as well as any

2   and all copies, abstracts, digests, notes, and summaries thereof, that have been or

3   will be produced by any party or third-party (the "Producing Party") in this

4   Litigation pursuant to the Federal Rules of Civil Procedure.  These materials are

5   collectively referred to hereinafter as the "Discovery Material."

6          2.      Any Discovery Material produced by any party or third-party as part

7   of discovery in this Litigation may be designated by the Producing Party as

8   "CONFIDENTIAL" which the Producing Party believes in good faith constitutes,

9   contains, reflects or discloses confidential, non-public research and analysis,

10   development or commercial or personal information or Discovery Material

11   protected by the attorney-client and/or work-product privileges, or other

12   information for which a good faith claim of need of protection from disclosure can

13   be made under applicable law (the "Confidential Material").

14          3.      Any Discovery Material that is produced during this Litigation

15   voluntarily, in response to a discovery request, or pursuant to a Court Order, in

16   oral, written, or other form, including, but not limited to, transcripts, exhibits,

17   answers to interrogatories, as well as any physical object, recording, electronic file,

18   or other thing, that is asserted by the Producing Party to contain or constitute

19   Confidential Material, shall be so designated by the Producing Party as follows:

20              a.      Documents and Physical Items: If Confidential

21              Material is contained in a document or other physical

22              item, such documents and physical items shall be clearly

23              and prominently marked on their face with the

24              appropriate legend: "CONFIDENTIAL".  When an item

25              (such as a disk) containing more than one electronic file

26              is produced, each electronic file on that disk that is

27              confidential should be branded with the legend

28

[PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

"CONFIDENTIAL" and have "CONFIDENTIAL" in the

file name of each file designated as such.

b. Transcripts: Deposition or other pretrial testimony

may be designated as "Confidential" by (i) a statement on

the record, by counsel, at the time of such disclosure, or

(ii) written notice sent to all counsel of record for the

parties within fifteen (15) business days after receipt of

the transcript of the deposition or other pretrial testimony

unless the parties agree to an extension of this time

period for designation.  Notwithstanding any provision of

this subsection, Discovery Material used or referenced

during a deposition or other pretrial testimony shall

maintain any confidentiality designation accorded such

material hereunder regardless of the designation of any

part of the transcript.

c. Information in Other Forms: All Confidential

Material not reduced to documentary, tangible, or

physical forms or that cannot be conveniently designated

shall be designated by the Producing Party by notifying

all parties of the appropriate designation in writing.

4. In the absence of written permission from the Producing Party or

court Order, Discovery Material designated as "CONFIDENTIAL" shall not be

disclosed to any person other than the following individuals, who are each deemed

a "Qualified Person" under this Paragraph:

a. counsel of record for parties to this Litigation and

their support staff, including paralegals and clerical

assistants;

[PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

b.      opposing parties and their representatives, officers, agents, and/or employees who are directly involved in, and whose access to such Discovery Material is reasonably required for, the management, prosecution, defense, or settlement of this Litigation or the supervision of counsel of record;

c.      non-party witnesses who are called to be deposed during discovery or trial, whether willingly or under subpoena issued by a court of competent jurisdiction over the witness;

d.      stenographic, court reporting, or clerical personnel;

e.      in-house counsel for the parties to this Litigation;

f.      subject to the provisions of paragraph 7 below, experts and consultants and their staff who are employed for the purposes of this Litigation; and

g.      the Court, including necessary secretarial, clerical, and support personnel assisting the Court;

h.      regulatory authorities upon formal demand, or to satisfy legal or regulatory requirements, provided that written notice is given to the Party designating such material as "Confidential Material" at least five (5) days prior to disclosure to the regulatory authorities, or as soon as practicable if disclosure is required by regulatory authorities in less than five (5) days; and

i.      commercial photocopying firms or ESI vendors employed by a Party to this Litigation.

5.      The inadvertent or unintentional disclosure by the Producing Party of Confidential Material, regardless of whether the material was so designated at the

-4-

1  time of disclosure, shall not be deemed a waiver in whole or in part of the

2  Producing Party's claim of confidentiality, either as to the specific information

3  disclosed or as to any other information relating to the same or related subject

4  matter, provided that the Producing Party shall promptly upon discovery of the

5  inadvertent or unintentional disclosure notify the receiving party in writing that the

6  information is Confidential.  Such notification shall constitute a designation of the

7  information and thereby subject it to the provisions of this Stipulation for a

8  Protective Order.  Disclosure by the receiving party of inadvertently or

9  unintentionally disclosed Confidential Material prior to receipt of such notice shall

10  not be deemed a violation of this Stipulation for a Protective Order.  However,

11  those persons to whom disclosure was made are to be advised by the receiving

12  party that the information is Confidential and must be treated in accordance with

13  this Stipulation for a Protective Order, and the receiving party must make a good

14  faith effort to retrieve and return all copies of such inadvertently disclosed

15  information which have been disseminated to unauthorized persons, including any

16  notes, summaries, compilations or other documents concerning same.

17      6.      No person described under Paragraphs 5(f) may access Discovery

18  Material designated "CONFIDENTIAL" until such person agrees to be bound by

19  the terms of the Stipulation for a Protective Order by executing the undertaking in

20  Exhibit A.  Before any other person described in Paragraph 5 is shown any

21  Discovery Material designated "CONFIDENTIAL", that person must be shown a

22  copy of the Court's Protective Order and instructed that he or she is bound by its

23  provisions.

24      7.      The parties may also informally agree in writing that Confidential

25  Material may be disclosed to a person not otherwise qualified under this

26  Stipulation for a Protective Order to receive such information.  In the event that a

27  party intends to disclose Confidential Material to a person not qualified to receive

28

[PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

1  such information hereunder (for example, for use at a deposition), and the parties

2  cannot informally agree, a party may request the Court rule on such disclosure.

3      8.    All Confidential Material produced in this Litigation may be used

4  only for purposes of this Litigation, including the Litigation itself, and settlement

5  and/or negotiations intended to resolve this Litigation. However, this Stipulation

6  for Protective Order only applies to the pretrial proceedings in this Litigation, and

7  will not govern the confidentiality of documents at trial.

8      9.    Response to a Subpoena / Court Order: In the event that a receiving

9  party receives a subpoena or is ordered by another court or governmental entity to

10  produce the Confidential Material of another party, the receiving party shall notify

11  the Producing Party of that subpoena or order and shall promptly provide said

12  subpoena or order, if it is in writing, to the Producing Party so that the Producing

13  Party may object to the subpoena or order. If the Producing Party chooses to

14  object to the subpoena or order, it shall provide a copy of the objection to the

15  receiving party. If the receiving party receives nothing from the Producing Party

16  prior to the time for its compliance with the subpoena or order, the receiving party

17  may comply with its obligations under the subpoena or order.

18      10.   In the event a party wishes to use any Confidential Material, or any

19  papers containing or making reference to the contents of such material or

20  information, in any pleading or document filed with the court in this Litigation, the

21  confidential portion of such pleading or document and Confidential Material shall

22  be filed under seal until such time as the court orders otherwise or denies

23  permission to file under seal. The restrictions, if any, that will govern the use of

24  Confidential Material at trial or hearings, will be determined at a later date by the

25  court, in consultation with the parties.

26      11.   Notwithstanding any other provision of this Stipulation for a

27  Protective Order, a party producing Confidential Material may choose to withdraw

28  its designation by doing so in writing.

-6-

[PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

12.   Nothing in this Stipulation for a Protective Order constitutes a finding or admission that any of the information disclosed or contained in the designated items is or is not confidential, and nothing herein shall prevent any party from contending, during the progress of this Litigation, that any or all of such information is not confidential.  Any party may request from the Producing Party a change in the designation of any item or information and/or permission to disclose such item or information to persons in addition to those specified herein in Paragraph 5.  Such request shall be in writing, state the grounds therefore, and shall be served on all counsel including counsel for the Producing Party.  No party to this Litigation shall be obligated to challenge the propriety of any designation, and a failure to do so shall not act as a waiver of its right to make a subsequent attack on the propriety of such designation, nor shall such failure to challenge constitute an admission that any information is, in fact, confidential.  Any designation of information as Confidential Material shall govern hereunder unless and until such designation is modified by the designating party, the Court, or agreement of the parties.

13.   Production by Non-Parties: If any Confidential Material is produced by a non-party to this Litigation, such non-party shall be considered a Producing Party within the meaning of those terms as used in the context of this Stipulation for a Protective Order and shall have the right to designate information as "CONFIDENTIAL."

14.   The designation of any material in accordance with this Stipulation for a Protective Order as Confidential Material is intended solely to facilitate the preparation and trial of this Litigation, and treatment of such material by the parties in conformity with such designation will not be construed in any way as an admission or agreement by any party that the designated material constitutes or contains any trade secret or Confidential Material.

[PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

15.    Upon final termination of this Litigation, each party and other person subject to the terms of this Stipulation for a Protective Order, including individuals required to execute the undertaking attached hereto as Exhibit A, shall, within sixty (60) days of said termination, assemble (including from all officers, employees, and in-house counsel of the party, all support staff, and all experts and consultants) and return to the Producing Party all Discovery Material designated as "CONFIDENTIAL," including all copies and other items of such Discovery Material, or in the alternative and at the option of the Receiving Party, either destroy all such confidential Discovery Material, or retain permanently all such confidential Discovery Material so long as the Receiving Party continues to maintain confidentiality.

16.    If confidential Discovery Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party, and without prejudice to the rights and remedies of the designating party, make every effort to retrieve the improperly disclosed confidential Discovery Material and to prevent further unauthorized disclosure on its own part or on the part of the recipient of such confidential Discovery Material.

17.    Nothing in this Stipulation for a Protective Order shall be deemed a waiver of any right that any party might otherwise have under the Federal Rules of Civil Procedure, the Federal Rules of Evidence or the doctrines of attorney-client privilege or attorney work-product (whether governed by state or federal law). This Stipulation for a Protective Order shall be without prejudice to any party to oppose production of any information or items on any ground permitted by the applicable law.

18.    Any party to this Protective Order may, for good cause shown, move the Court for relief from all or any part of this Protective Order or for a

-8-
[PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

1   modification of its provisions.  The Protective Order, however, shall remain in

2   effect until such time as it is modified or rescinded by the Court.

3        19.    This Protective Order is not intended to govern the use of confidential

4   Discovery Materials at the trial of this Litigation.

5        20.    Nothing in this Stipulation for a Protective Order shall affect a party's

6   use or disclosure of its own Confidential Material in any way.

7        21.    This Protective Order and the agreements embodied herein shall

8   survive the termination of this action and continue in full force and effect.  To the

9   extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or

10  reconsider this Protective Order, even after this action is terminated.

11       22.    This Protective Order shall be without prejudice to the right of any

12  party hereto to knowingly waive the applicability of this Order to any confidential

13  Discovery Materials designated by that party.

14       23.    Any modification of the Protective Order, including the incorporation

15  of any additional parties appearing in the litigation must be made in writing.

16

17  IT IS SO ORDERED.

18

19  Date: _5/10/17_____          _____

20                                  Magistrate Judge Charles F. Eick

21

22

23

24

25

26

27

28

[PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

EXHIBIT A

1    STIPULATION AND ORDER FOR PROTECTIVE ORDER: EXHIBIT A

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10   ECOLOGY AUTO PARTS, INC.,                Case No.: 2:16-cv-09406-GW-E

11              Plaintiff,                     [Assigned for all purposes to Honorable
                                               George H. Wu, Courtroom 10]
12         v.
                                               **ACKNOWLEDGEMENT OF**
13   ACE AMERICAN INSURANCE                    **JOINT STIPULATION FOR**
     COMPANY; ACE USA; and DOES 1              **PROTECTIVE ORDER**
14   through 50, inclusive,                    **GOVERNING CONFIDENTIAL**
                                               **INFORMATION**
15              Defendants.

16                                             Discovery Cutoff 08/04/2017
                                               Motion Cutoff:    10/02/2017
17                                             Trial Date:       11/14/2017

18   ─────────────────────────────

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28
ACKNOWLEDGEMENT OF JOINT STIPULATION FOR PROTECTIVE ORDER
GOVERNING CONFIDENTIAL INFORMATION

UNDERTAKING OF _____

STATE OF _____ )
                         ) SS:
COUNTY OF _____ )

I, _____, being first duly sworn on oath, depose and say:

1.  I have read and understand the contents of the Protective Order dated _____, filed in the above captioned litigation, and attached hereto.

2.  I am properly classified as a "Qualified Person" identified in Paragraph 5 of the Protective Order, and I agree to comply with the conditions provided in the Protective Order prior to any disclosure to me of documents, things and/or any other information designated as containing, in whole or in part, "Confidential Material."

3.  I expressly agree that all documents, things and information which are disclosed to me pursuant to the Protective Order shall be maintained in strict confidence, and I shall not disclose or use the original or any copy of, or the subject matter of any of the documents, things or the information they contain, except in accordance with the terms of the Protective Order.

4.  I shall not use or refer to any of the documents, things and/or any information that falls within the terms of the Protective Order other than in connection with this litigation and as prescribed in the Protective Order.

5.  Further, I shall, upon notification that this litigation has terminated, return any and all originals and/or copies of the documents and things to counsel for the party who provided such documents, and I shall destroy any notes or memoranda I have which in any way concern the substance embraced by such documents, things and/or information.

-2-

ACKNOWLEDGEMENT OF JOINT STIPULATION FOR PROTECTIVE ORDER
GOVERNING CONFIDENTIAL INFORMATION

1          6.     I do and shall subject myself to the continuing jurisdiction of the

2    above-captioned Court over my person, wherever I shall be found, for purposes of

3    enforcement of the Protective Order.

4

5    Date: _____              _____

                                          [Signature]

6

7                                             _____

                                         [Printed Name]

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-
ACKNOWLEDGEMENT OF JOINT STIPULATION FOR PROTECTIVE ORDER
GOVERNING CONFIDENTIAL INFORMATION